UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FRANK ROBINSON,                )
                               )
         Plaintiff,            )
                               )
   v.                          )   No. 4:09-CV-1096 CAS
                               )
JEREMY FARISHAW, et al.,       )
                               )
         Defendants.           )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Frank Robinson for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $24.50, and an average monthly account balance of $2.36. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.90, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff, a pre-trial detainee at the St. Louis City Justice Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Jeremy Farishaw (Public Defender), Joan Moriarty, and Jennifer M. Joyce. Plaintiff is challenging his ongoing state criminal proceedings. He alleges that he

2

was arrested on March 23, 2009, and has been charged with "more than one offense in a single count of an indictment or information."

In *Younger v. Harris*, 401 U.S. 37, 46 (1971), the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Harmon v. City of Kansas City, Missouri*, 197 F.3d 321, 325 (8th Cir. 1999); *see also, Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996).

Having carefully reviewed plaintiff's allegations, the Court concludes that the *Younger* criteria are satisfied and that abstention is warranted. Plaintiff states that there is an ongoing state criminal case; plaintiff's allegations implicate important state interests; and an adequate opportunity exists in the state proceeding to raise constitutional challenges. Finding no "extraordinary circumstances" that would justify interfering with pending state judicial proceedings, the Court will dismiss the instant action, without prejudice. *See Younger*, 401 U.S. at 43-44.

To the extent that plaintiff is seeking habeas corpus relief, he must file a separate habeas action after having first exhausted his available state remedies.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED.** [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $4.90 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, based upon the *Younger* abstention doctrine, the Clerk shall not issue process or cause process to issue upon the complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of August, 2009.